```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAWN DAWE, | |
|     Plaintiff, | CIVIL ACTION NO. 05-4363 (MLC) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

The plaintiff, Dawn Dawe ("Dawe"), on behalf of her minor ward, Stacie Lynn Dawe ("Claimant"), seeks judicial review of the final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income Disability Benefits ("SSI") under 42 U.S.C. § ("Section") 1381.  The Court has jurisdiction over this matter pursuant to 42 U.S.C. § ("Section") 405(g).  The Court, for the reasons stated herein, will reverse the Commissioner's decision, and remand for further proceedings.

## BACKGROUND

Dawe applied for SSI on behalf of Claimant on January 27, 2004, alleging that Claimant had been disabled since November 7, 2003, because of attention deficit hyperactivity disorder ("ADHD") and bipolar disorder.  (Admin. R. ("A.R.") at 50-65.)[1]

---

[1] The administrative record contains an application on behalf of Claimant for SSI dated January 27, 2004.  (A.R. at 50-54.)  However, both the Commissioner and the Administrative Law Judge treat Dawe's application as being protectively filed on February 29, 2004.  (A.R. at 26, 33; see Def. Br., at 1

At the time of the application, Claimant was 14 years old.  (Id. at 50, 55.)

The application was initially denied on June 16, 2004.  (Id. at 36-38.)  Dawe requested reconsideration on July 16, 2004, and her claim was again denied on November 1, 2004.  (Id. at 39-43.)  Dawe requested a hearing before an administrative law judge on January 3, 2005.  (Id. at 44.)  However, Dawe elected to have a decision made on the evidence in the record without an oral hearing on or about January 26, 2005.  (Id. at 49.)[2]  The ALJ issued a decision on February 16, 2005, finding that Claimant was not disabled within the meaning of the Social Security Act ("SSA") at any time through the date of the decision.  (Id. at 33.)  The ALJ determined that Claimant suffered from ADHD and bipolar disorder and was not engaged in substantial gainful activity since the onset of her disability.  (Id.)  Although the ALJ found that Claimant had a "severe" impairment, the ALJ concluded that Claimant's impairments did not (1) meet or medically equal the criteria of any impairment listed in 20 C.F.R. § 494, Subpart P, Appendix 1 ("Appendix"), as required by

---

(explaining protective filing date of application was February 29, 2004).)  The record contains no explanation for this discrepancy.

[2] Dawe indicates that a hearing was held before Administrative Law Judge Daniel N. Shellhamer ("ALJ").  (Pl. Br., at 1.)  However, there is neither a transcript of said hearing nor any other evidence in the record indicating that the ALJ held a hearing in this case.

20 C.F.R. § 416.924(d), or (2) functionally equal the severity of any impairment described in the Appendix.  (Id.)

    Dawe submitted a request to the Appeals Council on or about April 9, 2005, to review the ALJ's decision.  (Id. at 22.)  The Appeals Council denied the request on May 18, 2005.  (Id. at 18-21.)  Accordingly, the ALJ's decision was adopted as a final decision of the Commissioner.

## DISCUSSION

### I. Standard Of Review

    The Court may review a "final decision of the Commissioner of Social Security" in a disability proceeding.  42 U.S.C. § 405(g).  The Court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing.  Id.  However, this judicial review is limited.  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  Id.  Thus, the Court examines the record "to determine whether substantial evidence supported the ALJ's findings."  Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).  "Substantial evidence" in the context of a social security matter means "more than a mere scintilla," i.e., such evidence as "a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  This standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported

by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

The Court, despite the deference given to administrative decisions, "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the . . . decision is not supported by substantial evidence." Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). Furthermore,

> [a] single piece of evidence will not satisfy the substantially test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.

Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). "That the record contains evidence supporting a different conclusion does not undermine" the Commissioner's decision if the record contains substantial evidence supporting that decision. Rivera v. Shalala, No. 94-2740, 1995 WL 495944, at *3 (D.N.J. July 26, 1995). The Commissioner is required, however, to address and reconcile medical evidence that would support a contrary conclusion. Schaudeck, 181 F.3d at 434-35.

**II. Determining Eligibility for Disability Benefits**

To qualify for SSI benefits under the SSA, Claimant must show that she is "disabled" within the meaning of Section 1382. A child is considered "disabled" if the child "has a medically determinable physical or mental impairment, which results in

4

marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).  Claimant carried the initial burden of proving disability.  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

The ALJ employs a three-step process when evaluating a child's claim of disability.  20 C.F.R. § 416.924.

> In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity" as defined in 20 C.F.R. § 416.972.  [Id.] § 416.924(b).  If the claimant is so engaged, his application will be denied.  [Id.]
>
> The ALJ next determines whether the claimant has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months."  [Id.] § 416.906.  A claimant who does not have a "severe impairment" is not disabled.  [Id.] § 416.924(c).
>
> Finally, in order to be considered disabled for the purposes of the [SSA], the claimant's impairment must meet, or be medically or functionally equal in severity to, an impairment listed in the Appendix.  [Id.] § 416.924(d).  A claimant's impairment medically equals a listing when "the medical findings are at least equal in severity and duration of the listed findings."  [Id.] § 416.926(a).  An ALJ will compare medical evidence in the record to corresponding medical criteria shown for the listed impairment to make this determination.  [Id.]
>
> If a claimant's impairment does not meet or medically equal a listed impairment, the ALJ will next determine if the impairment is functionally equal to the listed impairments. [Id.] § 416.926a(a).  To satisfy the "functionally equal" standard, a claimant must show that she suffers from an impairment of "listing-level"

>severity, meaning that the impairment "results in 'marked' limitations of two domains of functioning or 'extreme' limitation in one domain." [Id.] A claimant's functional domains are evaluated within six categories (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. [Id.] § 416.926a(b)(1)(i)-(vi).
>
>A claimant demonstrates a "marked" limitation in a domain if his impairment seriously interferes with his ability to "independently initiate, sustain or complete activities." [Id.] § 416.926a(e)(2)(i). A "marked" limitation is one that is "more than moderate" but "less than extreme." Id. An "extreme" limitation interferes very seriously with the claimant's ability to "independently initiate, sustain or complete activities." [Id.] § 416.926a(e)(3)(I). An extreme limitation is more than marked but does not mean a total lack or loss of ability to function. Id.

Medina v. Barnhart, No. 05-3107, 2006 WL 1458205, at *5-*6 (D.N.J. May 24, 2006).

## III. Analysis

Dawe has not contested the first two steps of the ALJ's determination. (Pl. Br., at 9.) Although Dawe generally asserts that the Commissioner's findings at step three are not supported by substantial evidence and that the ALJ's decision contains errors of law, Dawe makes two claims in support of her argument that this Court should remand the case to the ALJ. Dawe argues that the ALJ erred by failing to (1) articulate an evidentiary basis for finding that Claimant's impairments did not meet or medically equal any Listing, (2) adequately explain the evidentiary basis for concluding that Claimant's impairments did not functionally equal any Listing. (Pl. Br., at 14-20.)

6

The ALJ, in determining whether a claimant is entitled to SSI, "must consider all evidence and give some reasons for discounting the evidence [the ALJ] rejects." Plummer, 186 F.3d at 429. An ALJ need not engage in a comprehensive analysis when explaining why probative evidence is being rejected. Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981). Rather, a short sentence or paragraph explaining the basis upon which the ALJ is rejecting evidence will suffice. Id. An ALJ is not required to "undertake an exhaustive discussion of all the evidence." Hernandez v. Comm'r of Soc. Sec., No. 03-2540, 2004 WL 188099, at *1 (3d Cir. Jan. 30, 2004). The ALJ is required, however, "to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and caselaw." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). The ALJ "may choose whom to credit" when a conflict in the evidence exists, but may not "reject evidence for no reason or for the wrong reason." Plummer, 186 F.3d at 429. This policy allows the Court to properly review the ALJ's decision pursuant to 42 U.S.C. § 405(g) to determine whether the ALJ's decision is supported by substantial evidence. Cotter, 642 F.2d at 705. Without an indication as to what evidence the ALJ considered or rejected, the Court "cannot tell if significant probative evidence was credited or simply ignored." Id.

The ALJ is required to set forth the reasons for a decision. <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 119 (3d. Cir. 2000).  This does not mean, however, that the ALJ is required "to use particular language or adhere to a particular format in conducting his analysis."  <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir. 2004).  Rather, the record and any explanation of findings must be sufficiently developed as to permit for meaningful judicial review.  <u>Id.</u>

The ALJ found that "the claimant's impairment does not meet or medically equal any listing in the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4."  (A.R. at 27.)  The ALJ stated that, "[i]n reaching this conclusion, the undersigned carefully considered listing . . . 112.11 - Attention deficit hyperactivity disorder, and Section 112.04 - Mood Disorders.  The specific criteria of those listings have not been established."  (<u>Id.</u>)  The ALJ also concluded that Claimant "does not have an 'extreme' limitation in any domain of functioning, a 'marked' limitation in two domains of functioning, and does not functionally equal the severity of the listings."  (<u>Id.</u> at 33.)

The ALJ's opinion discussed, <u>inter alia</u>, (1) Claimant's performance on intelligence, personality, and motor skills tests, (2) Claimant's performance at school, (3) the opinions and reports of the state physicians and Claimant's treating psychiatrist, (4) reports from one of Claimant's teachers, and

(5) information concerning Claimant's behavior and social skills. (A.R. at 30-32.) Specifically, the ALJ considered evidence from the following sources:

(1) Warren J. Chiapparelli, Ph.D, performed an intelligence test, visual motor test, and personality test, which indicated that Claimant (a) placed in the average range of intellectual functioning, (b) weakness in perceptual motor learning skills, and (c) age-appropriate individuation dependency strivings.

(2) Raymond Schweibert, M.D., evaluated Claimant, and noted that, when on her medication, she appeared to be doing well and had only moderate difficulties with social, interpersonal, and academic functioning.

(3) Carmencita Lanez, M.D., Claimant's treating psychiatrist, indicated that by February 2, 2004, Claimant was doing better in school and, by July 27, 2004, was "doing well" overall.

(4) Barbara Fleischer, M.D., reported that she saw Claimant once a week for therapy and her destructive behavior improved with medication. Dr. Fleischer also noted that Claimant, when last seen in September 2004, demonstrated appropriate attitude, appearance, behavior, and speech.

(5) Lenore Kopelovich, Ed.D, reported that Claimant's overall level of academic achievement was average or slightly above grade expectancy.

(Id. at 30-31.)

The ALJ, despite reviewing and describing most of the evidence in the record, did not reference any statements by Dawe concerning Claimant's impairments. Although the ALJ need not provide an exhaustive discussion of all of the evidence, the ALJ must at least provide a short sentence explaining the basis for

9

rejecting evidence.  <u>Cotter</u>, 650 F.2d at 482.  The administrative record includes approximately 45 pages of information provided by Dawe in support of the disability claim.  (A.R. at 63-109.)  While the Court recognizes that not all of those pages provide substantive information about Claimant's impairments, the ALJ does not reference or otherwise describe or discount any information provided by Dawe, Claimant's mother.

    The ALJ does refer to a report from Dr. Schweibert in which he states that "[s]ince the onset of medication and therapy, her <u>parents</u> and teachers have reported improvement in all areas, i.e., academic and behavior."  (A.R., at 30, 169.)  Dr. Schweibert also reported that he spoke to Claimant's father, who "confirmed that his daughter is doing well."  (A.R. at 30, 171.)  However, there is no specific reference to the documentation submitted by Claimant's mother.  The ALJ's duty to weigh all pertinent evidence applies to both medical and non-medical evidence before him.  <u>Burnett</u>, 220 F.3d at 121-22. The failure to properly consider probative evidence is cause for remand.  <u>Id.</u> at 121-23; <u>Fargnoli</u>, 247 F.3d at 42-44.  The Court, accordingly, will remand this matter to the ALJ for further proceedings consistent with this memorandum opinion.  <u>See, e.g.</u>, <u>Telesha v. Barnhart</u>, No. 01-2371, 2003 WL 22161584, at *3-*6 (E.D. Pa. Mar. 31, 2003) (remanding case to ALJ because ALJ failed to address and properly discount contradictory evidence in the record documenting plaintiff's impairment).

**CONCLUSION**

Dawe has demonstrated that the Commissioner's decision denying her claim, on behalf the Claimant, for Supplemental Security Income Disability Benefits, was not supported by substantial evidence.  Accordingly, the Court will reverse, and remand this matter to the Commissioner for further proceedings consistent with this memorandum opinion.  The Court will issue an appropriate order.


                                        s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge